# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
GERALD L. WONG and SUSAN H. WONG,    )
                                     )
               Plaintiffs,           )
                                     )
          v.                         )     1:23cv223
                                     )
GUILFORD COUNTY SHERIFF              )
DEPARTMENT, et al.,                  )
                                     )
               Defendants.           )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on (i) the "Motion to Amend Pleadings and Join Guilford County N.C. and Deputy Steven Jenkins" (Docket Entry 60)[1] (the "Amendment Motion") and (ii) the "Motion to Compel Discovery from Guilford County N.C. Sheriff Dept." (Docket Entry 59) (the "Discovery Motion"). For the reasons that follow, the Court will deny the Amendment Motion and the Discovery Motion (collectively, the "Motions").[2]

---

1  For legibility reasons, this Opinion generally omits all-cap, underscored, bold, highlighted, and/or italicized font in quotations from the parties' materials.

2  For the reasons stated in Deberry v. Davis, No 1:08cv582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010), the undersigned United States Magistrate Judge will enter an order, rather than a recommendation, on the Amendment Motion. See also Everett v. Prison Health Servs., 412 F. App'x 604, 605 & n.2 (4th Cir. 2011) (treating motion to amend as nondispositive motion subject to magistrate judge's order). The undersigned similarly may enter an order as to the Discovery Motion. See Escalante v. Anderson Cnty. Sheriff's Dep't, 698 F. App'x 754, 755 (4th Cir. 2017) (same re discovery motion).

## BACKGROUND

Alleging a claim under "Title 42 U.S.C. 1983" for "[u]nlawful search and seizure" (Docket Entry 1 at 3),[3] Gerald L. Wong (the "Plaintiff") and Susan H. Wong (collectively, the "Plaintiffs") sued various defendants, including the Guilford County Sheriff's Department (the "Sheriff's Department"), "James John Winiarski," a "Former Guilford County Deputy," "S. Jenkins," a "Guilford County Deputy" (id. at 2-3), and "Guilford County Sheriff Danny H. Rogers" (Docket Entry 3 (the "Amended Complaint") at 2).[4] Prior to initiation of discovery, the parties filed multiple motions to dismiss and for summary judgment and Plaintiff additionally moved to compel discovery. (See, e.g., Docket Entry 39 (the "Recommendation") at 1-8 (detailing procedural background).)

As relevant to the Motions, the Recommendation explained that Plaintiffs' claim against the Sheriff's Department failed as a matter of law because "the Sheriff's Department is not a legal entity subject to suit under the law of North Carolina." (Id. at 21 (brackets and internal quotation marks omitted).) The Recommendation further observed that Plaintiffs' official-capacity claims failed because, inter alia, "the Amended Complaint contains

---

3    Docket Entry page citations utilize the CM/ECF footer's pagination.

4    Plaintiffs sued Deputies Winiarski and Jenkins in their individual capacities and all remaining defendants in their official capacities. (See Docket Entry 39 at 2-3 & n.3.)

2

no facts suggesting that 'the commanders' acted pursuant to any official policy or custom in making [the challenged] determination, as required for a viable official-capacity claim" (id. at 23 (citation omitted)), and "the commanders' post-incident determinations regarding the propriety of the deputies' actions in arresting [Plaintiff] did not <u>cause</u> the allegedly unlawful arrest" (id. (emphasis in original)). The Recommendation then concluded that "qualified immunity shields Deputy Jenkins from Plaintiffs' claim that he arrested [Plaintiff] without probable cause." (Id. at 39.) In this regard, the Recommendation explained that, given the allegations in the Amended Complaint and video footage of the incident, "Deputy Jenkins' decision to assist Deputy Winiarski was objectively reasonable in light of the circumstances and existing law." (Id. (internal quotation marks and brackets omitted).) Accordingly, the Recommendation advised that the Court dismiss all claims other than Plaintiff's "claim against Deputy Winiarski for arrest without probable cause." (Id. at 40.)

As for Plaintiff's motion for discovery, the Recommendation explained that "the parties have not yet engaged in a conference under Rule 26(f) of the Federal Rules of Civil Procedure (the 'Rules') and the Court has not yet entered a Rule 26(f) case management order, so discovery in this case has not commenced." (Id. at 8 (internal quotation marks, citation, and brackets omitted); see also id. at 10 ("[T]he parties have not yet begun

discovery.").)  The Recommendation further noted that, under this Court's Local Rules, "[d]iscovery shall not commence until entry of the scheduling order."  (Id. at 10 (internal quotation marks omitted).)  The Recommendation thus denied Plaintiff's motion for discovery as premature.  (See id. at 39-40; accord id. at 12.)

Notably, in addressing the various motions, the Recommendation reiterated the importance of the Rules and Local Rules.  (See, e.g., id. at 11-12.)  Of particular relevance, the Recommendation explained that the prerequisites for any motion to compel discovery "include a [Rule 37(a)] certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  (Id. at 12 n.6 (internal quotation marks omitted).)  The Recommendation further emphasized that plaintiffs "may not simply add allegations to their already existing complaint," but instead "must submit a proposed amended complaint that contains all claims they intend to bring in this action against all the defendants they intend to sue."  (Id. at 24 (internal quotation marks and brackets omitted); see also id. (explaining that "plaintiffs may not amend their complaint in piecemeal fashion" (internal quotation marks and brackets omitted)).)  As such, the Recommendation noted, "a plaintiff is bound by the allegations contained in his complaint and cannot,

through the use of motion briefs, amend the complaint." (Id. at 23 (internal quotation marks and brackets omitted).)

Plaintiff objected to the Recommendation. (See Docket Entry 41.) In his objections, Plaintiff indicated that he "ha[d] recently obtained data from" certain open records requests "that list nearly 500 reports of use of force in the last two years by the Sheriff['s] Dep[artment] in which only 5 were deemed '[u]njustified.'" (Id. at 3.) Per Plaintiff, "these types of figures defy reality and therefor[e] manifest deliberate indifference to the rights of citizens." (Id.)

Thereafter, the Court (per United States District Judge William L. Osteen, Jr.) adopted the Recommendation. (Docket Entry 43 at 2.) Accordingly, the Court dismissed all claims other than Plaintiff's "claim against Deputy Winiarski for arrest without probable cause," which the Court allowed to proceed. (Id. at 3.) The following day, the Clerk scheduled a pretrial conference for late March, nearly two months away. (See Docket Entry 44 (the "Notice") at 1.) Nevertheless, a mere five days later, Plaintiff filed a motion to compel discovery, without the required Rule 37(a) certification. (See Docket Entry 45 at 1-3.) The Court (per the undersigned United States Magistrate Judge) summarily denied without prejudice Plaintiff's motion, "pursuant to Local Rule 7.3(k), for failure to comply with the briefing requirement under

5

Local Rule 7.3(a) and (j)." (Text Order dated Feb. 7, 2024.) Of particular note, the Court

> elected to exercise its discretion to summarily deny [that m]otion because, in addition to Plaintiff's failure to file the r[e]quired brief, Plaintiff must, in the first instance, seek discovery from the remaining [d]efendant and/or via subpoenas to non-parties (not by motion to the Court) and Plaintiff generally must wait to pursue such discovery until after the Court enters a scheduling order (which will not occur until after the Court receives the parties' initial pretrial conference-related filings as directed in [the] Notice and, if necessary, conducts the initial pretrial conference as set in [the] Notice).

(<u>Id.</u>)

The remaining parties subsequently engaged in the initial pretrial conference (<u>see</u> Minute Entry dated Mar. 25, 2024), and the Court entered a scheduling order, which established May 23, 2024, as the deadline for requesting leave to amend pleadings or add parties (<u>see</u> Text Order dated Mar. 25, 2024). Plaintiff thereafter filed a motion requesting permission to bring certain electronics into the courthouse. (Docket Entry 58 at 1.) The Court

> den[ied] without prejudice [that m]otion, which seeks leave for Plaintiff "to bring his personal smart phone which is used to monitor health conditions as well as regular other smart phone functions and cell phone into the courthouse for the duration of the above action." Plaintiff did not file a brief in support of [the m]otion. "All motions, unless made during a hearing or at trial, . . . shall be accompanied by a brief except as provided in section (j) of [Local R]ule [7.3]." M.D.N.C. LR 7.3(a). The cross-referenced section does not list motions seeking the relief sought in [the m]otion as exempt from the briefing requirement. <u>See</u> M.D.N.C. LR 7.3(j). "A motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied." M.D.N.C. LR 7.3(k). In this instance, the Court

6

exercises its discretion to summarily deny [the m]otion, because Plaintiff not only failed to file the required brief, but also failed to include the material elements of a brief in [the m]otion (as provided under Local Rule 7.2(a)). Indeed, [the m]otion does not even comply with the requirements for motions exempt from briefing, including to "state good cause [for the relief requested] and cite any applicable rule, statute, or other authority justifying the relief sought." M.D.N.C. LR 7.3(j); <u>see also</u> M.D.N.C. LR 7.3(b) (requiring all motions to "cite any statute or rule of procedure relied upon"). In deference to Plaintiff's status as a pro se litigant, the Court has denied [the m]otion without prejudice; however, <u>that status does not entitle Plaintiff to exemption from the Local Rules (or other applicable rules) and Plaintiff should understand that, moving forward, the Court will enforce all applicable rules without any special dispensation for his pro se status</u>.

(Text Order dated Apr. 30, 2024 (underscoring added) (ellipsis and certain brackets in original).)

Meanwhile, the sole remaining defendant, Deputy Winiarski, moved for judgment on the pleadings (<u>see</u> Docket Entry 47), which motion Plaintiff opposed (<u>see</u> Docket Entry 50). Plaintiff subsequently filed the Discovery Motion, which seeks "an order compelling discovery from the [Sheriff's Department] pursuant to public information under § 132-1." (Docket Entry 59 at 1.) Shortly thereafter, on May 6, 2024, Plaintiff filed the Amendment Motion, seeking

to join Guilford County (as Respondeat Superior) and Deputy Steven Jenkins due to new evidence (in his individual capacity) as a [d]efendant in these 42 USC 1983 cases [sic] under the same conditions for my unlawful arrest that remain at issue as stated in the Cause of [A]ction description and the erroneously charged action of the [S]heriff['s D]ep[artment].

(Docket Entry 60 at 4.) Three days later, however, Plaintiff and Deputy Winiarski filed a stipulation of dismissal with prejudice of "all claims brought by Plaintiff in this action against [Deputy] Winiarski" (Docket Entry 61 at 1), triggering the termination of the action in this Court's CM/ECF System. Nevertheless, given the pendency of the Amendment Motion, the Court has not yet entered a judgment in this matter. (See Docket Entries dated May 9, 2024, to present.)

The Sheriff's Department responded in opposition to the Discovery Motion (see Docket Entry 62) (the "Discovery Opposition") and Guilford County and Deputy Jenkins filed a joint opposition to the Amendment Motion (see Docket Entry 63) (the "Amendment Opposition"). Plaintiff failed to reply to the Discovery Opposition (see Docket Entries dated May 13, 2024, to present), but filed a "respon[se] to [the Amendment O]pposition" (Docket Entry 64 (the "Reply") at 1). In the Reply, "Plaintiff now requests" that, inter alia, "[s]hould Guilford County N.C. can not [sic] be held as Respondeat Superior then Plaintiff asks that Sheriff Danny Rogers be held as Respondeat Superior in his official capacity, as Plaintiff believes other defendants were not formerly [sic] discharged from Plaintiff[']s Amended Complaint." (Id. at 2.) Plaintiff concludes the Reply by asking that the Court allow "this action to continue based on the same facts as laid out in [three separate sections of his Amendment Motion]." (Id. at 3.)

8

## DISCUSSION

### I. The Amendment Motion

### A. Relevant Standards

At the time that he filed the Amendment Motion, Plaintiff could amend his pleadings "only with the opposing party's written consent or the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a), "leave to amend a pleading should be denied" when, inter alia, "the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (identifying "futility of amendment" as basis for denying leave to amend). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). Accordingly, a proposed amendment fails for futility if it could not survive a Rule 12(b)(6) motion to dismiss. See Smith v. Bank of the Carolinas, No. 1:11cv1139, 2012 WL 4848993, at *3 (M.D.N.C. Oct. 11, 2012) (citing United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008)).

### B. Analysis

As an initial matter, despite repeated warnings, Plaintiff failed to comply with the requirements for seeking leave to amend, and amending, a pleading. For instance, this Court's Local Rules

9

obliged Plaintiff to "attach [his] proposed amended pleading to the [Amendment M]otion." M.D.N.C. LR 15.1. Plaintiff did not do so. (See generally Docket Entry 60.) Moreover, as the Court has already explained, a party cannot amend its pleadings either "through the use of motion briefs" (Docket Entry 39 at 23 (internal quotation marks omitted)) or "in piecemeal fashion" (id. at 24 (internal quotation marks omitted)). Nevertheless, between the Amendment Motion and Reply, Plaintiff expanded his requested amendment to include the (re)introduction of a third defendant, Sheriff Rogers. (Compare Docket Entry 60 (proposing claims against Guilford County and Deputy Jenkins), with Docket Entry 64 (proposing additional alternative claim against Sheriff Rogers).) These failures alone justify denial of the Amendment Motion. See, e.g., M.D.N.C. LR 83.4(a) (authorizing sanctions, including "an order striking" filing, for failure to comply with Local Rules).

In addition, Plaintiff's proposed amendments qualify as futile. Plaintiff seeks to reinstate his claim against Deputy Jenkins based on the purportedly newly discovered evidence that Deputy Jenkins (i) stated in his incident report that he placed Plaintiff under arrest and (ii) "never stated that he heard [Deputy] Winiarski say [Plaintiff] was under arrest," which, in Plaintiff's view, means that Deputy Jenkins "therefore was not assisting with the arrest but making the arrest" (Docket Entry 60 at 5). (See id.) Plaintiff included the relevant incident report

10

with his Amendment Motion. (See id. at 14.)[5] Notably, the information in the Amendment Motion and incident report aligns with information in an affidavit that Deputy Jenkins filed in this matter more than ten months before Plaintiff filed the Amendment Motion (see Docket Entry 26-3 at 2-3), belying any description as newly discovered. Regardless, the purportedly newly discovered evidence does not change the conclusion that "Deputy Jenkins' decision to assist Deputy Winiarski was objectively reasonable in light of the circumstances and existing law" and thus that "qualified immunity shields Deputy Jenkins from Plaintiffs' claim that he arrested [Plaintiff] without probable cause." (Docket Entry 39 at 39 (internal quotation marks and brackets omitted); see

_____

5  Per the incident report:

[o]n Friday 12/02/2022 at approximately 0955 hours, [Deputy Jenkins] responded to assist Deputy Win[i]arski on the Plaza Level Lobby at the Greensboro Courthouse with a subject who was refusing to leave. Upon arrival Deputy Win[i]arski was repeatedly giving instructions to a male subject to leave. After making [his] way through the rope barricades[, Deputy Jenkins] walked through the door at the entrance. [Deputy Jenkins] observed Deputy Win[i]arski requesting identification from the subject numerous times. The subject refused to provide identification. Deputy Win[i]arski reached into the plastic basket to get his identification. At this time the subject shoved [Deputy] Win[i]arski in his chest area. [Deputy Jenkins] told the subject that he was under arrest and he immediately began resisting arrest by struggling, pulling away and refusing to place his hands behind his back. . . .

(Id. (underscoring added).)

11

<u>id.</u> at 27-40 (analyzing claim and recommending its dismissal under Rule 12(b)(6)).)

Plaintiff similarly tries to revive his official-capacity claims, based largely on "ha[ving] received documents though [sic] the open records web site of data concerning 'Justifiable' uses of force," which reveal a very small percentage of cases "were deemed 'unjustified[,']" which "[t]o [Plaintiff] is incredibly unbelievable." (Docket Entry 60 at 6.) As with the ostensibly new evidence regarding Deputy Jenkins, information showing that officers classified only a small percentage of use of force incidents as "unjustified" does not constitute new evidence. (<u>See</u> Docket Entry 41 at 3 (confirming Plaintiff's prior knowledge of that information).) Moreover, as the Court has already explained, any post-incident classification of the relevant use of force as justified rather than unjustified did not <u>cause</u> Plaintiff's arrest and thus would not "mak[e] Guilford County complicate [sic] to the violation of [Plaintiff's] civil rights" (Docket Entry 60 at 6), necessitating dismissal of any such claim. (<u>See</u> Docket Entry 39 at 23 ("[B]ecause the commanders' post-incident determinations regarding the propriety of the deputies' actions in arresting [Plaintiff] did not cause the allegedly unlawful arrest, Plaintiffs lack a viable Section 1983 claim against those officials." (emphasis omitted)).)

12

In addition, Plaintiff seeks to add Guilford County and/or Sheriff Rogers to this lawsuit based on theories of respondeat superior. (See, e.g., Docket Entry 60 at 4; Docket Entry 64 at 2.) However, "theories of *respondeat superior* or predicated solely on a defendant's identity as a supervisor . . . do not exist in actions under [Section] 1983." Allen v. Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, No. 1:20cv1173, 2021 WL 1617303, at *2 (M.D.N.C. Apr. 13, 2021), report and recommendation adopted, No. 1:20cv1173, 2021 WL 1616176 (M.D.N.C. Apr. 26, 2021), aff'd, 857 F. App'x 124 (4th Cir. 2021); see also Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Further, Plaintiff's request to add Guilford County "as a defendant being the employer of the Sheriff['s] Department" (Docket Entry 60 at 4) misses the mark. "In North Carolina, the Office of Sheriff is a legal entity, established by the state constitution and state statutes, separate and distinct from the Board of County Commissioners because a sheriff is elected by the people, not employed by the county." Little v. Smith, 114 F. Supp. 2d 437, 446 (W.D.N.C. 2000). "Thus, it is Sheriff [Rogers], not [Guilford] County, who has the final decision making authority over law enforcement policies of his office." Id.; see also N.C. Gen. Stat. § 153A-103(1) ("Each sheriff . . . elected by the people has the exclusive right to hire, discharge, and supervise the employees in his office.").

In sum, Plaintiff's Amendment Motion violates this Court's Local Rules and his proposed claims qualify as futile. The Court will therefore deny the Amendment Motion.

## II. The Discovery Motion

Despite repeated reminders regarding his obligation under this Court's Local Rules to file supporting briefs (<u>see</u> Text Orders dated Feb. 7, 2024, and Apr. 30, 2024), Plaintiff failed to file a brief in support of the Discovery Motion (<u>see generally</u> Docket Entry 59). Plaintiff also failed to file the relevant discovery requests (<u>see</u> <u>id.</u>), in contravention of Local Rule 26.1. <u>See</u> M.D.N.C. LR 26.1(b)(3) ("Any party seeking to compel discovery . . . must identify the specific portion of the material which is directly relevant and ensure that it is filed as an attachment to the application for relief."). Similarly, notwithstanding the Court's prior recognition of the necessity of Rule 37 certifications (<u>see</u> Docket Entry 39 at 12 n.6), Plaintiff failed to include a Rule 37 Certification in the Discovery Motion. (<u>See</u> Docket Entry 59 at 1-5.) Per Local Rule 37.1,

> [t]he Court <u>will not consider</u> motions and objections relating to discovery unless [the movant] files a certificate that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord. The certificate shall set forth the date of the conference, the names of the participating [individuals], and the specific results achieved.

M.D.N.C. LR 37.1(a) (underscoring added). Given these (repeated) failures, and the explicit warning to Plaintiff "that, moving

14

forward, the Court w[ould] enforce all applicable rules without any special dispensation for his pro se status" (Text Order dated Apr. 30, 2024), the Court will deny the Discovery Motion.  <u>See</u> M.D.N.C. LR 83.4(a).[6]

**CONCLUSION**

Despite repeated warnings, Plaintiff failed to comply with the Rules and Local Rules in bringing the Motions, and his proposed amendments also qualify as futile.

**IT IS THEREFORE ORDERED** that the Discovery Motion (Docket Entry 59) and Amendment Motion (Docket Entry 60) are **DENIED.**

This 29th day of January, 2025.

/s/ L. Patrick Auld          
**L. Patrick Auld**          
**United States Magistrate Judge**

---

6  In any event, given the denial of the Amendment Motion and Plaintiff's dismissal of all claims against Deputy Winiarski, the sole remaining defendant, the Discovery Motion qualifies as moot. <u>See, e.g.</u>, <u>Hubbell Inc. v. DMF, Inc.</u>, Civ. Action No. 6:11-794, 2013 WL 152641, at *5-6 (D.S.C. Jan. 15, 2013) (concluding that granting dismissal motion moots motion to compel); <u>see also, e.g.</u>, <u>Asbury v. Tartarsky</u>, No. 8:13cv3364, 2015 WL 1120081, at *19 & n.23 (D.S.C. Mar. 12, 2015) (explaining that granting summary judgment would terminate action, mooting pending discovery motions), <u>aff'd</u>, 616 F. App'x 71 (4th Cir. 2015).